# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI-DADE DIVISION

**GABRIEL JOSE DE CAIRES GUERRA**, an individual

    Plaintiff,

v.

**TRANS UNION LLC**,

    Defendants.

CASE NO.:

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, Gabirel Jose De Caires Guerra ("Plaintiff" or "Mr. De Caires Guerra"), by and through counsel, files this Complaint against Trans Union LLC ("Defendant Trans Union" or "Trans Union"); pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA") and the Florida Deceptive And Unfair Trade Practices Act § 501.201 *et seq.* ("FDUPTA"), and in support thereof states:

### JURISDICTION AND VENUE

1. This is an action for damages and equitable relief within the jurisdiction of this court pursuant to the Fair Credit Reporting Act, §1681 et seq. ("FCRA"), and Florida Deceptive And Unfair Trade Practices Act § 501.201 et seq. ("FDUTPA").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, § 1337 and § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions on which the claims are based occurred in this District.

**DEMAND FOR JURY TRIAL**

4. Mr. De Caires Guerra, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

5. Mr. De Caires Guerra is a natural person, and a citizen of the State of Florida, residing in Miami-Dade, Florida and is a "a "consumer" as defined by FCRA 15 U.S.C. § 1681a(c) and FDUTPA under Fla. Stat. § 501.203(7).

6. Defendant Trans Union is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a CRA as defined by FCRA, 15 USC § 1681a(f). Trans Union is engaged in "trade or commerce" as defined by FDUTPA under Fla. Stat. § 501.203(8).

**GENERAL ALLEGATIONS**

7. This action involves derogatory and inaccurate reporting of unauthorized hard inquiries by Trans Union.

8. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

9. On or about February 27, 2025, Plaintiff submitted a written dispute to Trans Union concerning two unauthorized "hard" credit inquiries appearing on his consumer credit report: WEBBANK/AVAN dated 11/02/2024; DRBANK/UPST dated 09/25/2024. A true and correct

copy of the dispute letter is attached as Exhibit A.

10. Plaintiff's dispute was accompanied by government-issued identification and proof of address and was mailed directly by Plaintiff—not a third party. Plaintiff mailed the dispute letter via LetterStream, a reputable third-party certified mail tracking system, as his working hours do not allow him time to send letters via certified mail at USPS.

11. The dispute was delivered to Trans Union on March 4, 2025. Despite proper documentation and verification, Trans Union failed to conduct a lawful reinvestigation, instead denying the request on the false basis that it was a third-party dispute because LetterStream sent the mail from Arizona rather than Florida, Plaintiff's state.

12. Trans Union's third-party authentication request is a deceptive tactic engaged in by the CRA as a method to delay its response and reinvestigation deadline as enlisted in the FCRA.

13. Following Trans Union's refusal, Plaintiff retained legal counsel. On March 19, 2025, Plaintiff's counsel sent a second dispute letter and power of attorney, again demanding deletion of the unauthorized inquiries within 15 days. This correspondence was also received by Trans Union.

14. On or about March 24, 2025, as instructed by the undersigned, Plaintiff contacted Trans Union via telephone to authenticate the initial dispute letters, but to no avail.

15. In addition, on April 4, 2025, the undersigned sent a final pre-litigation demand letter to Defendant's in-house counsel, Charlotte Ann Long, however, the demands remained ignored by Trans Union.

16. To date, Trans Union has not removed the unauthorized inquiries and has provided no lawful justification for its inaction.

17. Trans Union's reporting of these inquiries has caused harm to Plaintiff's creditworthiness and created significant stress and anxiety.

18. Plaintiff has no relationship, past or present, with WEBBANK/AVAN or

DRBANK/UPST, and did not authorize any credit applications or hard inquiries from those entities.

19. Trans Union failed to conduct a reasonable investigation into the disputed information as required under 15 U.S.C. § 1681i.

20. Trans Union failed to mark Plaintiff's credit file with a notice that the information was disputed, as required by 15 U.S.C. § 1681i(c).

21. The actions and inactions of the Defendants have caused significant harm to Mr. De Caires Guerra, including financial harm, damage to creditworthiness, and emotional distress.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

22. Mr. De Caires Guerra incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

23. Trans Union prepared and issued consumer credit reports concerning Mr. De Caires Guerra which contained unauthorized hard inquiries by entities with whom Mr. De Caires Guerra had no business relationship.

24. On or about February 27, 2025, Mr. De Caires Guerra discovered that Trans Union was reporting unauthorized "hard inquiries" on his consumer report, including those from WEBBANK/AVAN and DRBANK/UPST.

25. Mr. De Caires Guerra disputed these inquiries with Trans Union by certified mail, enclosing a copy of his government-issued ID and a utility bill to verify his identity.

26. Trans Union failed to conduct a lawful reinvestigation under 15 U.S.C. § 1681i(a) and improperly denied the dispute on the incorrect basis that it was submitted by a third party.

27. Mr. De Caires Guerra retained counsel, who submitted a second certified dispute with a power of attorney and third-party authorization.

28. Trans Union again failed to reinvestigate and continued to report the unauthorized

inquiries.

29. Trans Union failed to include any notice on Mr. De Caires Guerra's credit file that the inquiries were disputed, in violation of 15 U.S.C. § 1681i(c).

30. These hard inquiries adversely impacted Mr. De Caires Guerra's creditworthiness and caused harm to his credit score.

31. Trans Union is a "consumer reporting agency" as defined by § 1681a(f), engaged in assembling and reporting credit information to third parties.

32. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy, in violation of § 1681e(b).

33. Trans Union possessed evidence showing that the inquiries lacked a permissible purpose but continued to report them anyway.

34. Trans Union willfully disregarded its statutory duties under the FCRA by failing to investigate, failing to report the dispute, and failing to remove unverifiable information.

35. As a direct and proximate result, Mr. De Caires Guerra suffered actual damages including harm to credit, emotional distress, and attorney's fees.

36. Trans Union's conduct was willful, entitling Mr. De Caires Guerra to statutory, actual, and punitive damages under § 1681n.

37. Mr. De Caires Guerra has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Mr. De Caires Guerra.

38. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Mr. De Caires Guerra.

39. Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. De Caires Guerra's credit reports and credit files when

investigating Mr. De Caires Guerra's dispute of the information contained in Mr. De Caires Guerra's Trans Union credit report.

40. Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Mr. De Caires Guerra's credit reports and credit files.

41. Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate credit information after a reasonable request by Mr. De Caires Guerra; [c] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. De Caires Guerra after being advised by Mr. De Caires Guerra that the information was inaccurate; and [e] the failure to note in the credit report that Mr. De Caires Guerra disputed the accuracy of the information.

42. The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

43. Mr. De Caires Guerra is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

44. The appearance of the unauthorized hard inquiries on Mr. De Caires Guerra's credit report is the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Mr. De Caires Guerra's credit report in violation of the 15 U.S.C. § 1681e(b).

45. As a result of the conduct, action, and inaction, of Trans Union, Mr. De Caires Guerra suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit

denial.

46. WHEREFORE, Mr. De Caires Guerra, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Mr. De Caires Guerra the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Mr. De Caires Guerra which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

47. Mr. De Caires Guerra incorporates by reference paragraphs ¶¶ 1-46 above of this Complaint.

48. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the unauthorized inquiries.

49. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Mr. De Caires Guerra with respect to the Unauthorized inquiries.

50. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the Unauthorized inquiries.

51. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2 by failing to block the Unauthorized

inquiries.

52. Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccurate credit information after a reasonable request by Mr. De Caires Guerra; [c] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. De Caires Guerra after being advised by Mr. De Caires Guerra that the information was inaccurate; and [e] the failure to note in the credit report that Mr. De Caires Guerra disputed the accuracy of the information. The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(o).

53. Mr. De Caires Guerra is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

54. As a result of the conduct, action, and inaction of Trans Union, Mr. De Caires Guerra suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

55. WHEREFORE, Mr. De Caires Guerra, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Mr. De Caires Guerra the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3

## VIOLATION OF THE FLORIDA DECEPTIVE AND
## UNFAIR TRADE PRACTICES ACT (FDUTPA) Fla. Stat, § 501.201 *et seq.*

56. Mr. De Caires Guerra incorporates by reference paragraphs ¶¶ 1-30 and 110-134 above of this Complaint.

57. This is an action founded on the CRAs violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201 et seq. ("FDUPTA").

58. The conduct alleged in this Complaint against Trans Union constitute unconscionable acts or practices, or unfair or deceptive acts and/or unfair practices in the conduct of any trade or commerce.

59. The CRAs have committed unlawful acts and practices, defined in Fla. Stat. § 501.204 as "(1) unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" that extend beyond their obligations under the FCRA, by (i) knowingly, intentionally, and continuously misrepresenting the unauthorized inquiries as Mr. De Caires Guerra's debt although it possessed evidence and actual notice that the underlying account was, in fact, fraudulent as confirmed by Barclays and; (ii) deceptively portraying their credit reporting systems as reliable and compliant with industry standards while failing to take the necessary corrective action after receiving appropriate consumer initiated disputes.

60. Trans Union continued to engage in deceptive and unfair trade practices by denying a valid consumer dispute based on a false "third-party submission" pretext simply because a certified mail label is created in another state than the consumer's resident state.

61. Trans Union misrepresented its dispute process and failed to accurately reflect the dispute on the consumer report, misleading third parties and harming Mr. De Caires Guerra, even after being contacted by Mr. De Caires Guerra to authenticate the dispute.

62. These practices offend public policy, are unethical and oppressive, and caused

Plaintiff, and others similarly situated, to sustain actual damages including credit harm and distress.

63. Trans Union's acts constitute unfair and deceptive acts in trade or commerce under Fla. Stat. § 501.204(1).

64. Mr. De Caires Guerra suffered actual damages as a result of the conduct of the CRAs as alleged in further detail above.

65. It has been necessary for Mr. De Caires Guerra to retain the undersigned to represent him in this action.

66. Mr. De Caires Guerra will incur costs and other related expenses to bring this action and is entitled to recover his attorney's fees and costs pursuant to §501.2105 (Fla. Stat.).

67. WHEREFORE, Mr. De Caires Guerra, respectfully, requests this Court to enter a judgment against Trans Union, awarding Mr. De Caires Guerra the following relief: [1] actual damages suffered by Plaintiff as a result of Defendants' unfair and deceptive trade practices, pursuant to Fla. Stat. § 501.211(2);); [2] attorney's fees and costs pursuant to Fla. Stat. § 501.2105; and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: April 11, 2025

Respectfully Submitted,

**CONSUMER RIGHTS LAW, PLLC**

/s/ *Monique N. Reyes*
Monique N. Reyes
Florida Bar No. 1026823

Consumer Rights Law, PLLC
848 Brickell Ave Ph-5
Miami, FL 33131
Office: 305-686-0236
Fax: 305-686-0235
Email: monique@consumerrights.law

*Attorney for Planitiff Gabirel Jose De Caires Guerra*

Gabriel Jose De Caires Guerra
3550 NW 83RD AV 206
DORAL, FL 33122

February 20, 2025

**VIA CERTIFIED MAIL**

**TransUnion Consumer Solutions**
**P.O. Box 2000**
**Chester, PA 19016-2000**

**Subject:** Formal Dispute of Unauthorized Inquiries, Incorrect Personal Information, and Inconsistent Account Reporting

Hello,

I am writing to formally dispute several inaccuracies on my credit report (███████████) pursuant to my rights under the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681i**. I have attached a copy of my ID and credit report. The following errors require immediate investigation and correction.

## 1. Unauthorized Hard Inquiries (FCRA § 1681b(a))

The following hard inquiries appear on my credit report without my authorization. As you are required to verify that an inquiry was made with a permissible purpose, I demand their immediate removal if proper documentation cannot be provided:

| Creditor Name | Date of Inquiry | Credit Bureau |
| --- | --- | --- |
| NOWCOM/WESTERN FUNDING | 01/21/2025 | Experian |
| ONEMAIN | 12/17/2024 | Experian |
| PATHWARD NA/OPORTUN | 12/12/2024 | Experian |
| WEBBANK/AVAN | 11/02/2024 | TransUnion |
| DRBANK/UPST | 09/25/2024 | TransUnion & Equifax |
| CCB/TOYOTA | 05/31/2024 | Equifax |
| SE TOYOTA FINANCE | 05/31/2024 | Experian |

I demand that these inquiries be deleted immediately unless you can provide proof that I authorized them in writing.

## 2. Incorrect Personal Information (FCRA § 1681i(a))

My credit report contains incorrect personal information that does not belong to me. Please remove or correct my name to only reflect my legal name Gabriel Jose De Caires Guerra.

## 3. Inconsistent and Inaccurate Account Reporting (FCRA § 1681e(b))

The following accounts contain **incorrect balances, inconsistent high credit limits, or reporting errors** across different bureaus. I demand that these be investigated and corrected:

| Creditor Name | Issue | Credit Bureaus Affected |
|---|---|---|
| CITI Bank | High Credit Mismatch | TransUnion, Experian, Equifax |
| CCB/IKEA | Credit Limit & Open Date Discrepancy | TransUnion, Experian, Equifax |
| CBNA | Conflicting Payment History | TransUnion, Experian, Equifax |
| CB INDIGO | Missing from Experian but Reported by TransUnion & Equifax | Experian, TransUnion, Equifax |
| SYNCB/BRMART | Balance Discrepancy, High Credit Mismatch | TransUnion, Experian, Equifax |
| CAP1/WMT | Missing from TransUnion & Experian but Reported by Equifax | TransUnion, Experian, Equifax |
| SYNCB/TJX | Balance Discrepancy Across Credit Bureaus | TransUnion, Experian, Equifax |
| SYNCB/AMAZON | Balance Discrepancy, High Credit Limit, and Date of Last Payment Discrepancy | TransUnion, Experian, Equifax |
| CELTIC | Account is Closed but Incorrectly Reported as Open | TransUnion, Experian, Equifax |

Under **FCRA § 1681e(b)**, credit reporting agencies must ensure that all information reported is accurate and verifiable. If the furnisher of these accounts cannot verify the correct information, they must be deleted from my report.

**Requested Action**

1. **Immediately delete the unauthorized hard inquiries** listed above unless you can provide legally required documentation showing I authorized them.
2. **Correct my personal information** by updating my name, address, and employer details as listed.
3. **Investigate and correct any discrepancies** in the accounts listed above to ensure accurate reporting.
4. **Ensure that CB INDIGO is either properly reported by all bureaus or removed entirely if inaccurate.**
5. **Ensure that SYNCB/BRMART reflects a consistent and accurate balance across all credit bureaus.**
6. **Ensure that CAP1/WMT is consistently reported by all bureaus or removed if inaccurate.**
7. **Ensure that SYNCB/TJX reflects a consistent and accurate balance across all credit bureaus.**
8. **Ensure that SYNCB/AMAZON reflects a consistent and accurate balance across all credit bureaus.**
9. **Ensure that CELTIC is correctly reported as closed across all credit bureaus.**
10. **Provide me with a corrected copy of my credit report** after making these updates.
11. **Provide a written response within 30 days** as required by the FCRA in analyzing my credit report, preparing this dispute, and sending this demand letter under FCRA §§ 1681n and 1681o.

Failure to comply with these requests may result in **legal action under FCRA § 1681n and § 1681o**, which allow for actual damages, statutory damages, and attorneys' fees for willful and negligent noncompliance.

Please send all correspondence regarding this dispute to the address listed above.

Sincerely,

*Gabriel Jose De Caires Guerra*

Gabriel Jose De Caires Guerra

